UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIUSZ MAZUR,<br><br>                    Plaintiff,<br><br>           v.<br><br>ZMC AUTO SALES, INC. and COPART, INC.,<br><br>                    Defendants. | CAUSE NO.: 2:19-CV-333-TLS |
| ZMC AUTO SALES, INC.,<br><br>                    Counter Claimant,<br><br>           v.<br><br>MARIUSZ MAZUR,<br><br>                    Counter Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Copart Inc.'s Motion to Dismiss for Failure to State a Claim and, or in the Alternative, Motion to Dismiss for Improper Venue [ECF No. 19], Plaintiff/Counter-Defendant Mariusz Mazur's Partial Motion for Summary Judgment [ECF No. 27], and Plaintiff/Counter-Defendant Mariusz Mazur's Motion to Strike ZMC's Statement of Facts and Designated Exhibits (Dkt. 31-1) [ECF No. 33]. For the reasons set forth below, the motions are denied.

**PROCEDURAL HISTORY**

Plaintiff Mariusz Mazur filed a six-count Complaint [ECF No. 1] on September 4, 2019, against Defendants ZMC Auto Sales, Inc. ("ZMC") and Copart, Inc. ("Copart"). The Complaint

alleges an automobile sale gone wrong, where the Plaintiff paid Defendant Copart over $40,000 for a Porsche but, nearly five years later, has not received the vehicle's title from Defendant ZMC.[1] Based on this transaction, the Plaintiff brings, under Indiana state law, a Civil Crime Victims Act claim, a conversion claim, a breach of contract claim, a promissory estoppel claim, an unjust enrichment claim, and a fraud in the inducement claim.

Defendant ZMC filed its Answer, Affirmative Defenses, and Counter-Claim [ECF No. 14], and Defendant Copart filed a Motion to Dismiss for Failure to State a Claim and, or in the Alternative, Motion to Dismiss for Improper Venue [ECF No. 19]. The Plaintiff filed an Answer [ECF No. 18] to Defendant ZMC's counterclaim, and Defendant Copart's Motion to Dismiss is fully briefed. The Plaintiff also filed a Partial Motion for Summary Judgment [ECF No. 27], which is fully briefed. Finally, the Plaintiff filed a Motion to Strike ZMC's Statement of Facts and Designated Exhibits (Dkt. 31-1) [ECF No. 33], which requests the Court to strike certain segments of Defendant ZMC's Response to the Partial Motion for Summary Judgment [ECF No. 31]. The Court will, in turn, rule on each of these pending motions.

---

[1] Despite the Porsche's $41,458.00 price tag, the Plaintiff represents the amount in controversy exceeds $75,000. The Court presumes that this is because the Indiana Civil Crime Victims Act provides for a civil remedy of up to three times the Plaintiff's actual damages. *See* Ind. Code 34-24-3-1. Neither Defendant argues that the amount in controversy does not exceed $75,000. However, as the party seeking this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the requirements of diversity jurisdiction have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). The citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). The Complaint alleges only where the Plaintiff resides but does not allege his domicile. A corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93. The Complaint alleges only the corporate Defendants' principal places of business without identifying their states of incorporation. Therefore, the Court Orders the Plaintiff to file a supplemental jurisdictional statement establishing this Court's diversity jurisdiction, identifying the basis for the amount in controversy and the citizenship of each party at the time the Complaint was filed.

A.  **Defendant Copart's Motion to Dismiss for Failure to State a Claim and, or in the Alternative, Motion to Dismiss for Improper Venue**

Defendant Copart's Motion argues that the Plaintiff's claims against it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, or, in the alternative, that the claims should be dismissed pursuant to Rule 12(b)(3) and Defendant Copart's Member Terms and Conditions because the Northern District of Indiana is an improper venue.

   *1. Improper Venue*

Rule 12(b)(3) allows a defendant to assert an improper venue defense. Defendant Copart argues that venue is improper due to the forum selection clause in its Member Terms and Conditions. It is well established that "[a] lack of venue challenge, based upon a forum-selection clause, is appropriately brought as a Rule 12(b)(3) motion to dismiss." *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14-CV-6, 2016 WL 2755462, at *1 (N.D. Ind. May 12, 2016) (quoting *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606–07 (7th Cir. 2003)). "Like any contract provision, a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching." *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990)).

To support its arguments, Defendant Copart submitted two exhibits with its Motion: The Affidavit of Kathryn Hermes, the associate general counsel of Copart, Inc., and Copart's Member Terms and Conditions. Def. Copart's Designation of Evidence, ECF No. 20. The Affidavit indicates that all vehicle purchases from Copart, Inc. are subject to the Member Terms and Conditions and that, when the Porsche at issue went on sale and was sold, it was located in Grand Prairie, Texas. Aff. Kathryn Hermes, ECF No. 20-1. The Member Terms and Conditions

3

include a forum selection clause and indicate that all vehicles are sold "AS-IS WHERE-IS." Member Terms & Conditions 2, 5–6, ECF No. 20-2. The forum selection clause provides, in relevant part, that "[a]ny action or proceeding arising directly or indirectly out of a vehicle bid or purchase transaction shall be conducted in the state/province and county where the vehicle was located at the time the bid was entered or the purchase transaction was consummated." *Id*. at 6. Kathryn Hermes's Affidavit also represents that the Member Terms and Conditions "were in effect at all times relevant to this action." Aff. Kathryn Hermes.

The Plaintiff's Complaint alleges that he used Defendant ZMC's Copart account in connection with the purchase of the Porsche. Compl. ¶¶ 6, 8, 10, 13. The Complaint alleges that Defendant Copart manages an automobile auction platform, where the Porsche at issue was listed and sold. *See id.* at ¶¶ 6–18. The Complaint also details how the Plaintiff allegedly used the platform. Specifically, he "contacted ZMC about ZMC purchasing a car online for Mazur from Copart's auto action," he "agreed to pay ZMC $200.00 for ZMC purchasing through its account at Copart," and he "paid ZMC $200.00 to use the Copart account to purchase the car." *Id.* at ¶¶ 6, 8, 10. Based on the Member Terms and Conditions, this arrangement was necessary because only Copart members can submit bids at the automobile auctions. Member Terms & Conditions 1–2. The Member Terms and Conditions further illustrate that such membership is contingent upon accepting Copart's Member Terms and Conditions. *Id.* at 1.

The Plaintiff argues that the forum selection clause does not and cannot apply to him because "he was not a party to the agreement and had no notice of the clause." Pl.'s Resp. 3, ECF No. 22. Defendant Copart does not argue that the Plaintiff is a party to any agreement, rather it argues that the Plaintiff is a third-party beneficiary of an agreement between it and Defendant ZMC and, thus, is bound by the Member Terms and Conditions. There is nothing

4

before the Court that demonstrates how Defendant Copart presented its Member Terms and Conditions to Defendant ZMC (or to its prospective members in general). For example, Kathryn Hermes's Affidavit could have detailed that when prospective members make an account online, they must click a box indicating that they have reviewed and accepted the Member Terms and Conditions. Without any facts or details concerning how individuals become a member and whether Defendant ZMC was ever presented with the Member Terms and Conditions, the Court is unable to determine whether it, and consequentially the Plaintiff, is bound by the Member Terms and Conditions. As such, the Court denies Defendant Copart's alternative Motion to Dismiss for improper venue.

    **2. *Failure to State a Claim***

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12 permits a defendant to seek dismissal of a complaint that fails to comply with the pleading requirements. Fed. R. Civ. P. 12(b). A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right

to relief above the speculative level . . . ." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendant Copart argues that "the undisputed facts show[that] Plaintiff's agreement related to the purchase of the Porsche was with ZMC. In fact, ZMC is the entity that actually purchased the vehicle. Thus, it only makes sense that Copart gave ZMC the title to the Porsche." Def. Copart's Br. in Supp. 4, ECF No. 21. Defendant Copart also argues that "[n]one of [the Plaintiff's] claims are supported by the evidence in this matter." *Id.* Defendant Copart presents an argument based on a dispute of fact, which is outside the scope of a 12(b)(6) motion. *See Lopez v. Pastrick*, No. 2:05-cv-452, 2011 WL 744672, at *1 (N.D. Ind. Feb. 23, 2011) ("When considering a Rule 12(b)(6) motion to dismiss, the court is limited to analyzing the pleadings" (citing *Perez v. Amco Ins. Co.*, No. 08-cv-4364, 2010 WL 1582229, at *4 (N.D. Ill. 2010)).

The Plaintiff's Complaint alleges that "Copart agreed to accept the money directly from Mazur in exchange for the title to the car." Compl. ¶ 12. This is, of course, contrary to Defendant Copart's contention that the agreement for the sale of the Porsche was between it and Defendant ZMC. When viewing this allegation in the light most favorable to the Plaintiff, and drawing all reasonable inferences in his favor, it could be interpreted as an agreement between Defendant Copart and the Plaintiff that was breached when the title was not delivered to the correct recipient.

The Court notes that Defendant Copart, for the first time in its Reply Brief, references the Copart Member Terms and Conditions in relation to this 12(b)(6) motion and, seemingly, argues that certain claims should be barred based on the Terms and Conditions. However, this argument

is flawed for several reasons. First, "[a]rguments raised for the first time by a moving party in a reply brief are deemed waived." *Med. Assurance Co., Inc. v. Miller*, No. 4:08-cv-29, 2010 WL 2710607, at *3 (N.D. Ind. July 7, 2010) (collecting cases). Second, documents that are not referred to in the complaint and central to the claim may not be considered on a motion to dismiss, and Defendant Copart provides no justification for considering the submitted documents. *See LaPorte Sav. Bank v. Schmidt*, No. 2:10-cv-491, 2011 WL 2516536, at *2 (N.D. Ind. June 23, 2011). Third, even if the Court were to consider the documents, Defendant Copart, as previously explained, has not established that the Plaintiff is bound by the Member Terms and Conditions.

The Plaintiff has alleged that an agreement existed between himself and Defendant Copart and that Defendant Copart was to deliver the Porsche's title to the Plaintiff. Defendant Copart has failed to demonstrate that the Plaintiff's Complaint fails to satisfy the pleading requirements or that the Plaintiff's claims are otherwise barred. For these reasons, the Court denies Defendant Copart's Motion to Dismiss for failure to state a claim.

B.  **Plaintiff/Counter-Defendant Mariusz Mazur's Motion to Strike ZMC's Statement of Facts and Designated Exhibits (Dkt. 31-1)**

The Plaintiff's Motion to Strike [ECF No. 33] argues that certain portions of Defendant ZMC's Response [ECF No. 31], specifically the Statement of Facts, Exhibits C, E, G, H, J, and K in their entirety, and three paragraphs from Exhibit F, should be stricken. In general, "[a] party who wishes to argue that portions of a statement of genuine issues contain errors or are inadmissible on evidentiary grounds may file a motion to strike those portions of the statement of genuine issues." *Mayes v. City of Hammond*, 442 F. Supp. 2d 587, 596 (N.D. Ind. 2006) (citing *Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 640 (N.D. Ind. 1997)); *see also* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be

7

presented in a form that would be admissible in evidence."); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

### 1. *Statement of Facts*

The Plaintiff argues that Defendant ZMC's Statement of Facts should be stricken based on Local Rule 56-1 because it is titled "Plaintiff's Statement of Facts" and "is replete with speculation, inadmissible hearsay, and unauthenticated exhibits." Pl.'s Mot. to Strike 3, ECF No. 33. Local Rule 56-1 requires that a response to a motion for summary judgment "include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2).

The Court recognizes that Defendant ZMC has mislabeled this section of its brief as "Plaintiff's Statement of Facts" and, instead of clearly identifying what facts are in dispute, presents Defendant ZMC's own account of the facts giving rise to this matter. The Court, however, has discretion as to how to apply its own local rules. *Goltz*, 177 F.R.D. at 640–41 ("Moreover, it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir. 1994)). In this instance, the Court declines to strictly enforce the local rule and strike Defendant ZMC's Statement of Facts because the Plaintiff's Partial Motion for Summary Judgment is easily resolved and it would be an unnecessary waste of judicial resources to have Defendant ZMC rework its Statement of Facts to fully comply with the local rules. In the Statement of Facts, Defendant ZMC has offered facts to show that whether the Plaintiff paid (and, thus, whether he

was required to pay) the taxes associated with the sale of the Porsche is in dispute. *See* Def. ZMC's Resp. 4, ECF No. 31-1. Indeed, Defendant ZMC's statement of facts clearly represents that "[t]he Amount of tax was equal to the sum of $2,625.00 which Mazur refused to pay." *See id.* This representation is supported by Defendant ZMC's Exhibit F, Zbigniew Czyewski's Affidavit, which provides "that the Plaintiff, Mariusz Mazur refused to . . . pay the sales tax." Aff. Zbigniew Czyewski ¶ 9, ECF No. 31-8.[2] The Plaintiff does not object to paragraph 9 of Zbigniew Czyewski's Affidavit; thus, this section of the Statement of Facts is properly supported. The Court does not rely on any of the other facts identified in the Statement of Facts to rule on the Partial Motion for Summary Judgment. Accordingly, the Plaintiff's Motion to Strike is denied on the merits as to the above described portion of Defendant ZMC's Statement of Facts and denied as moot to the remaining portion of Defendant ZMC's Statement of Facts.

    *2. Exhibits*

The Plaintiff also argues that Exhibits C, E, G, H, J, and K, as well as paragraphs 12, 13, and 15 from Exhibit F should be stricken because the contents of the Exhibits are inadmissible under the Federal Rules of Evidence. The Court, having reviewed each Exhibit, does not rely on Exhibits C, E, G, H, J, K, or the three paragraphs from Exhibit F to determine whether the Plaintiff's Motion for Partial Summary Judgment should be granted. Therefore, the Plaintiff's Motion to Strike is denied as moot as to the exhibits.

**C.**     **Plaintiff/Counter-Defendant Mariusz Mazur's Partial Motion for Summary Judgment**

The Plaintiff's Partial Motion for Summary Judgment [ECF No. 27] argues that the Plaintiff is entitled to summary judgment based on the plain language of Indiana Code § 9-32-4-

---

[2] Zbigniew Czyewski's Affidavit indicates that Czyewski is the owner and sole shareholder of Defendant ZMC. Aff. Zbigniew Czyewski ¶ 1.

1(a)(2). Pursuant to Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" the evidence, if any, that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment, the Court must view all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson*, 477 U.S. at 255; *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994); *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993)). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge*, 24 F.3d at 920. Instead, the Court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770 (quoting *Waldridge*, 24 F.3d at 920). If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

The Plaintiff argues that he has complied with Indiana Code § 9-32-4-1; therefore, he is entitled to damages as set forth in the statute. Indiana Code § 9-32-4-1 provides, in relevant part, that:

> (b) If a motor vehicle or watercraft for which a certificate of title has been issued is sold or if the ownership of the motor vehicle or watercraft is transferred in any manner other than by a transfer on death conveyance under IC 9-17-3-9, in addition to complying with IC 9-17-3-3.4, the transferring party must do the following:
>
> . . .
>
> (2) Deliver or transmit the certificate of title to the purchaser or transferee within thirty-one (31) days after the date of sale or transfer to the purchaser or transferee of the motor vehicle or watercraft, if all the following conditions exist:
>
> (A) The transferring party is a dealer licensed by the state under this article.
>
> (B) The dealer is not able to deliver or transmit the certificate of title at the time of sale or transfer.
>
> (C) The dealer provides the purchaser or transferee with an affidavit under section 2 of this chapter.
>
> (D) The purchaser or transferee has made all agreed upon initial payments for the motor vehicle or watercraft, including delivery of a trade-in motor vehicle or watercraft without hidden or undisclosed statutory liens.

Ind. Code § 9-32-4-1(b). The statute further provides that:

> (e) If a purchaser or transferee does not receive a valid certificate of title within the time specified by this section, the purchaser or transferee has the right to return the motor vehicle or watercraft to the dealer ten (10) days after giving the dealer written notice demanding delivery or transmission of a valid certificate of title and the dealer's failure to deliver or transmit a valid certificate of title within that ten (10) day period. Upon return of the motor vehicle or watercraft to the dealer in the same or similar condition as delivered to the purchaser or transferee under this section, the dealer shall pay to the purchaser or transferee the purchase price plus sales taxes, finance expenses, insurance expenses, and any other amount paid to the dealer by the purchaser or transferee.

*Id.* at § 9-32-4-1(e). Based on Defendant ZMC's Exhibit F and the statute's plain language, the Court must deny the Plaintiff's motion for summary judgment.

Foremost, there is a genuine issue of material fact as to whether Defendant ZMC should have transferred title to the Plaintiff. The statute provides that the transferring party must deliver or transmit the certificate of title within thirty-one days after the date of sale if all the conditions under § 9-32-4-1(b)(2) are met. *Id.* at § 9-32-4-1(b)(2). One required condition is that "[t]he purchaser or transferee has made all agreed upon initial payments for the motor vehicle or watercraft." *Id.* at § 9-32-4-1(b)(2)(D). In his declaration, the Plaintiff provides that he "made [the] agreed upon initial payments." Ex. 2, Decl. of Mariusz Mazur ¶ 10, ECF No. 28, p. 15. However, Defendant ZMC argues that the Plaintiff's Motion for Summary Judgment should be denied because the Plaintiff "was in direct violation of IC 9-32-4-1(b)(2)(D)" due to his "refus[al] to pay the tax." Def. ZMC's Resp. 12. The Defendant submitted the Affidavit of Zbigniew Czyewski, which supports this argument by representing that the Plaintiff "refused to . . . pay the sales tax." Aff. Zbigniew Czyewski ¶ 9. In his declaration, the Plaintiff does not confirm or deny that he paid the sales tax. *See* Decl. of Mariusz Mazur.

Section 9-32-4-1(b)(2)(D) explicitly requires that the buyer make all of the agreed upon initial payments. Nothing before the Court indicates that the initial payment, by law, includes the sales tax amount. The Court, however, recognizes that the requirement to pay sales tax as part of the initial payment may be a term of the agreement between the parties. The Plaintiff and Defendant ZMC do not agree which (or if any) of the documents submitted to the Court memorialize the terms of their agreement; therefore, the Court cannot, at this time, determine whether the parties' agreement contemplated the sales tax at issue as part of the initial payment.

As such, whether the Plaintiff was required to pay sales tax as part of the initial payment and, if so, whether the Plaintiff paid the sales tax are both genuine issues of material fact.

Even if the Court concluded that there were no genuine issues of material fact as to whether Defendant ZMC should have delivered the title, the Court would still not rule in the Plaintiff's favor. Although not explicitly argued by the Defendant, the Court, based on the plain language of Section 9-32-4-1(e), has identified that there are also genuine issues of material fact as to whether the Plaintiff has met the conditions to require Defendant ZMC to return the purchase price of the vehicle plus other costs and fees.

The Plaintiff argues that, because he sent a notice of intent to Defendant ZMC and Defendant ZMC refused to rescind the sale, he is entitled to damages. However, if this were all the Plaintiff did, he would not be entitled to relief. Section 9-32-4-1(e) provides that "[i]f a purchaser or transferee does not receive a valid certificate of title within the time specified by this section, the purchaser or transferee *has the right to return the motor vehicle*," and that "[*u*]*pon return of the motor vehicle . . . to the dealer in the same or similar condition* as delivered to the purchaser or transferee under this section, the dealer shall pay to the purchaser or transferee the purchase price plus sales taxes, finance expenses, insurance expenses, and any other amount paid to the dealer by the purchaser or transferee." Ind. Code § 9-32-4-1(e) (emphasis added). Nothing in the Plaintiff's Complaint, the Plaintiff's Partial Motion for Summary Judgment, or the Plaintiff's Declaration contends that the Porsche was returned to the Defendant or that the Porsche is in the same or a similar condition as when the Plaintiff received the vehicle.

In contrast, the Defendant's Counterclaim alleges "that the Plaintiff/Counter-Defendant Mazur continued to drive the vehicle as the odometer reading kept increasing; and he kept

requesting Alfred Kopacz to renew the dealer plate on the vehicle." Def. ZMC Answer, Affirmative Defenses, and Counter-Claim 17, ECF No. 14. The Affidavit of Zbigniew Czyewski provides that the Plaintiff "took possession of the vehicle once the repairs were made" and "kept the vehicle until October 31, 2017, when he dropped the vehicle off at Copart with the keys inside to have it sold at the auction." Aff. Zbigniew Czyewski ¶¶ 6, 10; *see also id.*¶ 11 ("The Plaintiff, Mariusz Mazur tried to have the car sold through Copart for about six weeks or until January 3, 2018 with the highest bid being equal to $42,250.00 . . . .").[3] The Affidavit of Zbigniew Czyewski does not directly corroborate the Defendant's counterclaim allegations; however, it does demonstrate the Court's concern as to the lack of clarity surrounding who has possession of the Porsche. At this time, there is no evidence before the Court indicating who currently possesses the Porsche or, if Defendant ZMC possesses the Porsche, that the Porsche is in the same condition as when it was delivered to the Plaintiff. Accordingly, there is insufficient evidence for the Court to conclude that there is an absence of a genuine issue of material fact as to whether Defendant ZMC should have rescinded the contract.

Because there exist genuine issues of material fact as to whether Defendant ZMC should have delivered title, and, if so, whether Defendant ZMC should have rescinded the contract, the Court denies the Plaintiff's Motion for Partial Summary Judgment [ECF No. 27].

## CONCLUSION

For the reasons set forth above the Court:

---

[3] The Court notes that paragraph 10 of Zbigniew Czyewski's Affidavit cites to Exhibit G, which was one of the Exhibits the Plaintiff moved to strike. However, the Plaintiff does not argue that Zbigniew Czyewski lacks personal knowledge that the Plaintiff left the Porsche with Defendant Copart and instead is relying solely on Exhibit G. In addition, the Plaintiff did not move to strike paragraphs 6, 10, or 11 of Zbigniew Czyewski's Affidavit. Accordingly, these paragraphs can be considered by the Court.

- DENIES Defendant Copart Inc.'s Motion to Dismiss for Failure to State a Claim and, or in the Alternative Motion to Dismiss for Improper Venue [ECF No. 19];

- DENIES Plaintiff/Counter-Defendant Mariusz Mazur's Partial Motion for Summary Judgment [ECF No. 27]; and

- DENIES Plaintiff/Counter-Defendant Mariusz Mazur's Motion to Strike ZMC's Statement of Facts and Designated Exhibits (Dkt. 31-1) [ECF No. 33].

The Court ORDERS the Plaintiff to file a supplemental jurisdictional statement on or before May 4, 2021, setting forth the basis for this Court's diversity jurisdiction as set forth in footnote 1 above.

SO ORDERED on April 13, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT